1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   D. FERRARI,                          No.  2:13-cv-1849 AC P

12              Plaintiff,

13        v.                              ORDER

14   J. BEARD, et al.,,

15              Defendants.

16

17        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and

18   has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This

19   proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20   Plaintiff has submitted to the jurisdiction of the undersigned.  ECF No. 6.

21        Pursuant to the September 16, 2013 order (ECF No. 5), plaintiff submitted a declaration

22   that makes the showing required by 28 U.S.C. § 1915(a).  ECF No. 7.  Accordingly, the request to

23   proceed in forma pauperis will be granted.

24        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

25   1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

26   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

27   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

28   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

1

1   of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

2   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

3   the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

4   1915(b)(2).

5           The court is required to screen complaints brought by prisoners seeking relief against a

6   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

7   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

8   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

9   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

10          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

11  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

12  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

13  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

14  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

15  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

16  Cir. 1989); Franklin, 745 F.2d at 1227.

17          A complaint must contain more than a "formulaic recitation of the elements of a cause of

18  action;" it must contain factual allegations sufficient to "raise a right to relief above the

19  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "The pleading

20  must contain something more. . . than . . . a statement of facts that merely creates a suspicion [of]

21  a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and

22  Procedure § 1216, pp. 235-35 (3d ed. 2004).  "[A] complaint must contain sufficient factual

23  matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal,

24  566 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has

25  facial plausibility when the plaintiff pleads factual content that allows the court to draw the

26  reasonable inference that the defendant is liable for the misconduct alleged."  Id.

27          In reviewing a complaint under this standard, the court must accept as true the allegations

28  of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740

(1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421(1969).

Plaintiff names the following as defendants: CDCR[1] Secretary J. Beard; CSP-Solano[2] Warden G. Swarthout, and Correctional Officer (C/O) Broadstone.[3]  Plaintiff claims that on September 3, 2012, a search was conducted in Facility C, Building 16 where plaintiff was housed. The search was part of an institution-wide search.  Plaintiff and all the other inmates in C-16, prior to being compelled to exit the building, were required to strip for inspection.  After nearly four hours outside, the inmates returned to find property from their lockers and under their bunks strewn and scattered.  In addition, plaintiff found that much of his property was missing.  Inmates were told to speak with a C/O Cowen (not a defendant) about any state-issued property that had been removed and to another C/O, Murphy, also not a party, about questions regarding personal property.  Plaintiff attempted to speak with the warden, who was in the building.  When plaintiff asked if he could retrieve his property from the pile, Warden Swarthout told plaintiff he would speak to his staff about the matter.  The defendant warden, plaintiff alleges, did nothing and "a multitude of personal property was carted off" as trash.  Plaintiff was never able to retrieve any portion of his personal property, including both replaceable and irreplaceable items.  Plaintiff claims he has yet to hear from the state agency with which he filed a complaint.  ECF No. 1 at 3-5.

<u>Defendants</u>

Although CDCR Secretary Beard and C/O Broadstone are named as defendants, the body of the complaint contains no allegations against them.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

---

[1] California Department of Corrections and Rehabilitation.
[2] California State Prison - Solano.
[3] Alternatively spelled, "Broadston."

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  The absence of factual allegations connecting Secretary Beard and C/O Broadstone to the alleged deprivation of rights is fatal to the claims against these defendants.  Both will be dismissed, but plaintiff will be granted leave to amend.

Moreover, supervisory personnel such as defendants Beard and Swarthout are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

While there is no respondeat superior liability under § 1983, a supervisor may be liable for constitutional violations of his/her subordinates but only "if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); see also, Snow v. McDaniel, 681 F.3d 978, 989 (9th Cir. 2012) (citing, id.).  "Supervisors can be held liable for: 1) their own culpable action or inaction in the training, supervision, or control of subordinates; 2) their acquiescence in the constitutional deprivation of which a complaint is made; or 3) for conduct that showed a reckless or callous indifference to the rights of others."  Cunningham v. Gates, 229 F.3d 1271, 1292 (9th Cir. 2000).  Defendants Beard and Swarthout will be dismissed but plaintiff will be granted leave to amend.

1    The Search

2    Plaintiff has no claim under the Fourth Amendment for an unreasonable search, if that is

3    what he intends.  U. S. v. Kincade, 739 F.3d 813, 822 n. 17  (9th Cir. 2004), quoting Hudson v.

4    Palmer, 468 U.S. 517, 526 (1983) ("[S]ociety is not prepared to recognize as legitimate any

5    subjective expectation of privacy that a prisoner might have in his prison cell.... [A]ccordingly,

6    the Fourth Amendment proscription against unreasonable searches does not apply within the

7    confines of the prison cell."); Somers v. Thurman, 109 F.3d 614, 617 (9th Cir. 1997), quoting id.

8    The Property Deprivation

9    The United States Supreme Court has held that "an unauthorized intentional deprivation of

10   property by a state employee does not constitute a violation of the procedural requirements of the

11   Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the

12   loss is available."  Hudson v. Palmer, 468 U.S. 517, 533 (1984).  Thus, where the state provides a

13   meaningful postdeprivation remedy, only authorized, intentional deprivations constitute

14   actionable violations of the Due Process Clause.  An authorized deprivation is one carried out

15   pursuant to established state procedures, regulations, or statutes.  Piatt v. McDougall, 773 F.2d

16   1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th

17   Cir. 1987).  The California Legislature has provided a remedy for tort claims against public

18   officials in the California Government Code, §§ 900, et seq.

19   It is unclear whether plaintiff is alleging that the deprivation of his property was

20   intentional or unintentional, authorized or unauthorized.  The search appears to have been

21   authorized but the deprivation of property does not plainly appear to have been either intentional

22   or authorized.  The complaint will be dismissed but plaintiff will be granted leave to amend to

23   provide the necessary factual allegations to support a claim of an authorized and intentional

24   deprivation of property.

25   General Principals Governing Amendment

26   If plaintiff chooses to amend the complaint, he must demonstrate how the conditions

27   complained of have resulted in a deprivation of his constitutional rights.  See Ellis v. Cassidy, 625

28   F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named

1   defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some

2   affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo

3   v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v.

4   Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of

5   official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents,

6   673 F.2d 266, 268 (9th Cir. 1982).

7        In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

8   make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

9   complaint be complete in itself without reference to any prior pleading.  This is because, as a

10  general rule, an amended complaint supersedes the original complaint.  See Lacey v. Maricopa

11  County, 693 F.3d 896, 927 (9th Cir. 2012) ) ("the general rule is that an amended complaint

12  super[s]edes the original complaint and renders it without legal effect... .")  Once plaintiff files an

13  amended complaint, the original pleading no longer serves any function in the case.  Therefore, in

14  an amended complaint, as in an original complaint, each claim and the involvement of each

15  defendant must be sufficiently alleged.

16       In accordance with the above, IT IS HEREBY ORDERED that:

17       1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

18       2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

19  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §

20  1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

21  Director of the California Department of Corrections and Rehabilitation filed concurrently

22  herewith.

23       3.  The complaint is dismissed for the reasons discussed above, with leave to file an

24  amended complaint within twenty-eight days from the date of service of this order.  Failure to file

25  an amended complaint will result in a recommendation that the action be dismissed.

26  DATED: December 23, 2013

27                                                    ALLISON CLAIRE
                                                      UNITED STATES MAGISTRATE JUDGE
28